**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000564
09-DEC-2015
01:22 PM**

NO. CAAP-12-0000564

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ANDREA L. BINKLEY and GORDON M. BECKER, Plaintiffs-Appellants,
v.
MP AUTO, LLC, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(DC-CIVIL NO. 11-1-1880)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

Plaintiffs-Appellants Andrea L. Binkley and Gordon M. Becker (collectively, "Appellants") appeal from the Court Order entered on May 23, 2012, in the District Court of the Second Circuit ("District Court"),[1] which granted default judgment against Defendant-Appellee MP Auto, LLC ("MP Auto")[2] and awarded judgment in the amount of $6,681.56 to Appellants. Appellants do not challenge the District Court's judgment in their favor, but they do contest the timing and amount of the award and contend that they provided enough evidence to support their $8,457.81 requested judgment.

Appellants raise twelve points of error ("POE") on appeal, seven of which relate to Judge Kawano's decisions to deny

---

[1]  The Honorable Blaine J. Kobayashi presided.

[2]  The Honorable Kelsey T. Kawano originally entered default judgment against Michael Pakele, Jr., on July 25, 2011, when no one appeared on behalf of the defendant to answer the court's calendar call. Pakele's name had been added, enclosed in parenthesis, to the caption of the amended complaint filed on July 12, 2011, underneath the designation "Agent for Service." On December 16, 2011, Judge Kobayashi set aside the default judgment against Pakele, noted that MP Auto had filed an answer on July 29, 2011, and set the matter for further "status" on January 23, 2012. Counsel for MP Auto did not appear at the status hearing, and, on February 27, 2012, Judge Kobayashi entered default judgment against MP Auto in favor of the Appellants.

various motions for judgment, and one which relates to Judge Kobayashi's decision to set aside Judge Kawano's original entry of default against Pakele. This court "typically review[s] a trial court's order setting aside an entry of default under the abuse of discretion standard." *Wagner v. World Botanical Gardens, Inc.*, 126 Hawai'i 190, 197, 268 P.3d 443, 450 (App. 2011) (citing *Nature Conservancy v. Nakila*, 4 Haw. App. 584, 589-90, 671 P.2d 1025, 1030 (1983)).

Here, it appears that the court acted pursuant to District Court Rules of Civil Procedure ("DCRCP") Rule 61, which provides that a judgment may be set aside to protect the "substantial rights" of parties. *See Bank of Haw. v. Shinn*, 120 Hawai'i 1, 20, 200 P.3d 370, 389 (2008) (holding that courts may act pursuant to the analogous Hawai'i Rules of Civil Procedure Rule 61 "[w]here it is necessary to set aside a judgment in order to do 'substantial justice' or to safeguard 'substantial rights'"). Specifically, the court entered default against Pakele in his individual capacity, but the amended complaint did not allege any action on his part, and MP Auto was the intended defendant. As such, Pakele's substantial rights were affected. Thus, the District Court did not err in setting aside the judgment under DCRCP Rule 61. Because Judge Kobayashi did not abuse his discretion in setting aside that default, any points relating to Judge Kawano's denial of motions for judgment are moot. Therefore, we focus on the remaining POE.[3/]

---

[3/]    Appellants' remaining POE are:

POE 4: the District Court abused its discretion when it denied the March 5, 2012 Non-hearing Motion for Default Judgment;

POE 5: the District Court abused its discretion when it denied the April 18, 2012 Non-hearing Motion for Default Judgment;

POE 10: the District Court abused its discretion at the February 27, 2012 trial "by entering a Default in [Appellants'] favor and, instead of obtaining evidence and making a final decision about damages or telling the [Appellants] to file a Judgment Order, he told the [Appellants] to file a Non-hearing Motion for Default";

POE 11: the District Court abused its discretion on May 18, 2012 by telling Appellants "that [it] needed more proof of damages such as having the [Appellants] call their mechanic to testify at another status hearing regarding the value of [Appellants'] automobile and then insisting that he needed additional information from [Appellants'] mechanic, 'based on his training and experience, as to what he believed the monetary value of

Upon careful review of the record, and having given due consideration to the arguments advanced and the issues raised by the Appellants' brief as well as the statutory and case law, we conclude that this appeal is without merit and affirm.

Appellants argue that the District Court abused its discretion after entering default against MP Auto at the February 27, 2012 trial because, "instead of obtaining evidence and making a final decision about damages or telling the [Appellants] to file a judgment order, [the court] told the [Appellants] to file a non-hearing motion for default." Appellants contend that they "had the right to file a Judgment Order according to DCRCP [R]ule 55 (b)(1) but [the court] misled them to think that [they] had to follow DCRCP [Rule] 55(b)(2)." However, Appellants fail to cite any authority in support of their argument.[4]

Assuming for the sake of argument that the District Court told Appellants to apply for judgment through a Non-hearing Motion for Default Judgment, such instruction was consistent with DCRCP Rule 55.  Indeed, DCRCP Rule 55(b)(2) provides:

> In all other cases the party entitled to a judgment by default *shall apply to the court therefor.* If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court *may conduct such hearings as it deems necessary and proper.*

(Emphases added.)  Thus, the District Court would not have abused its discretion had it informed Appellants that they should proceed by non-hearing motion for default judgment.

---

[Appellants'] automobile was when he first obtained same from Plaintiffs'"; and

POE 12: the District Court abused its discretion "by basing [its] decision on how much damage there had been to the [Appellants'] car entirely on the mechanic['] s statement."

[4]   Default was unavailable under DCRCP Rule 55(b)(1) because Appellants' claim was not "for a sum certain or for a sum which can by computation be made certain."  Dist. Ct. R. Civ. P. 55(b)(1).  Moreover, there is no evidence that the District Court "told" Appellants to follow any particular process because Appellants failed to include transcripts of the relevant proceedings in the record on appeal.  Thus, they cannot now establish what the court did, and we cannot review the reasonableness of the court's actions.  *See* Haw. R. App. P. 10(b)(1)(A); *Bettencourt v. Bettencourt,* 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995).

The District Court also did not abuse its discretion in denying the March 5, 2012 motion for default judgment. Appellants' claim for damages caused by MP Auto's faulty repair was not for a "sum certain." *See* Dist. Ct. R. Civ. P. 55(b)(1). Consequently, the court did not err in requiring that Appellants present reliable, probative, and admissible evidence to substantiate their request for damages. The court did not abuse its discretion to require something more than Kelley Blue Book value or an estimate "based on 1,624 listing[s]" by the National Automobile Association of Used Cars, to establish the diminution in the value of Appellants' automobile caused by the faulty repair. *Cf.* 18 Am. Jur. 3d *Proof of Facts* § 8, Cmt. (1992) ("As a practical matter, . . . published value guides . . . [can]not serve as a complete substitute for the opinion testimony of an automobile dealer or other qualified expert, . . . [which] would ordinarily be necessary in order to interpret the published data [in a vehicle value guide] and apply it to the specific vehicle in question.") *e.g., United Truck Rental Equip. Leasing, Inc. v. Kleenco Corp.*, 84 Hawaiʻi 86, 94, 929 P.2d 99, 107 (App. 1996) (basing calculation for retail value of vehicle on testimony by appraiser whose own calculations were based on the selling price provided by three dealerships, and merely noting that "[t]he 'local market' and the 'Kelly bluebook' price of the vehicle were also considered in arriving at his opinion" (footnote omitted)).

Furthermore, the cases that Appellants cite do not establish that a court's failure to accept Kelley Blue Book prices as determinative of the diminution in the value of Appellants' vehicle is an abuse of discretion. Rather, in *Richards v. Kailua Auto Mach. Serv.*, 10 Haw. App. 613, 880 P.2d 1233 (1994), for example, this court held that "'no mechanical rule can be applied with exactitude in the assessment of property damage . . . and each case must rest on its own facts and circumstances as supported by the proof in the record.'" *Id.* at 623, 880 P.2d at 1238-39 (quoting *Williams v. La. Machinery Co.*, 387 So.2d 8, 13 (La. Ct. App. 1980)) (brackets omitted); *cf.* Dist. Ct. R. Civ. P. 55(b)(2) (stating that courts "*may* conduct such hearings as it deems necessary and proper" in order to

"determine the amount of damages . . . or to make an investigation of any other matter[.]" (emphasis added)).

Here, Appellants provided the court with several value estimates for automobiles of the same age, make, and model as their own, but the only evidence they provided regarding the diminution in value of their specific vehicle came in the form of a declaration of Bruno Goldberg dated May 16, 2012. There, Goldberg explained that he had worked on the Appellants' vehicle after it could no longer be driven, and, at that time, the repair would have cost more than his $6,500 estimated value of the car. Although the record contains no indication that Goldberg is a vehicle appraiser, the court did not err in electing to accept an estimate of the diminished value of the vehicle from the person who had worked closely with it. *Cf.* 18 Am. Jur. 3d *Proof of Facts* § 8, Cmt. (1992) ("[An] expert's opinion testimony as to the value of the vehicle [is] ordinarily . . . the principle evidence of its value, and the [value estimate contained in a published] value guide [such as the Kelley Blue Book] would merely be part of the basis for his or her opinion."). In the absence of anything more specific, therefore, the District Court did not err in concluding that Goldberg's estimate was indicative of the car's diminished value caused by the faulty repair.

Finally, Appellants argue that the District Court abused its discretion in denying recovery of legitimate expenses under DCRCP Rule 54(d). We disagree.

The decision to award costs is discretionary, so the court may, but need not, consider the equities of the situation. Haw. Rev. Stat. § 607-9 (1993). Here, the District Court allowed recovery of $40 on a request for $150 for process server fees; allowed no recovery for charges by MP Auto LLC ($159.70) and Uptown Auto ($98.95); reduced "Other Costs" from $750.01 to $21.56 for travel, copying, and mailing costs; and disallowed recovery of Appellants' filing fee for their Petition for Writ of Mandamus filed in the Hawai'i Supreme Court. To this end, the District Court entered conclusions of law as follows:

> 7. The award of costs is discretionary and reviewed for abuse of discretion. *Pulawa, III v. GTE Hawaiian Tel,* 112 Hawai'i 3 (2006).

5

8.  The [Appellants'] request for Filing Fees in the amount of $250.00 was excessive, as it included filing fees for [Appellants'] Writ of Mandamus filed in the Supreme Court of Hawaii concerning Judge Kawano's prior ruling(s) in the case. The Court's granting [Appellants'] filing fees of $120.00 for the District Court case was reasonable.

9.  The [Appellants'] request for Service Fees in the amount of $150.00 was excessive as it is over and beyond what the Court customarily allows in the jurisdiction for process server fees. The Court's granting of [Appellants'] service fees of $40.00 for the District Court case was reasonable.

10. The [Appellants'] request for Other Costs in the amount of $750.01, which purported to cover [Appellants'] travel and copying costs, was excessive, unsubstantiated, and also included costs incurred for the aforementioned Writ of Mandamus filed in the Supreme Court. The Court's granting of [Appellants'] other costs of $21.56 for the District Court case was reasonable.

Because the District Court considered the reasonableness of the fee request and the equities of the situation, and because the court explained its reasons for reducing the amount of the costs on which it would allow recovery, it did not abuse its discretion in reducing the award of costs under HRS § 607-9. *Cf. Schefke v. Reliable Collection Agency*, 96 Hawaiʻi 408, 459, 32 P.3d 52, 103 (2001) (holding that the trial court abused its discretion by reducing the amount of taxable costs awarded "without explanation or a readily discernable rationale." (quoting *Finley v. Home Ins. Co.*, 90 Hawaiʻi 25, 38, 975 P.2d 1145, 1158 (1998) (internal quotation marks omitted))).

Therefore, the Court Order entered on May 23, 2012, in the District Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, December 9, 2015.

On the briefs:

Andrea L. Binkley and
Gordon M. Becker
Pro Se Plaintiffs-Appellants.

Chief Judge

Associate Judge

Associate Judge

6